**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TERRELL KELLEY, | : | |
| | : | Civil Action No. 07-1784 (DRD) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| CITY OF NEWARK POLICE | : | |
| DEPARTMENT, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

    TERRELL KELLEY, Plaintiff Pro Se
    # 463999/454229C
    Southern State Correctional Facility
    Compound B, P.O. Box 150
    Delmont, New Jersey 08314

**DEBEVOISE**, District Judge

    Plaintiff Terrell Kelley, currently confined at the Southern State Correctional Facility in Delmont, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant plaintiff's application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a) (1998), and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint should be dismissed.

I.   BACKGROUND

The Complaint names the City of Newark Police Department and other unknown police officers as defendants in this matter. (Complaint, Caption and ¶ 4(b)). The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff alleges that, on March 26, 2003, he was arrested by the Newark police, who used excessive force during the arrest, to the point where the police officers broke plaintiff's leg. Plaintiff was taken to the hospital, where he remained for several days. Plaintiff further alleges that while he was at the hospital, the doctor explained to the police officers, in plaintiff's presence, that plaintiff's broken leg could not have happened the way they told him. The officers allegedly laughed and told the doctors that the police report would not change. (Compl., ¶ 6).

In his Certification in support of a nunc pro tunc motion, filed with his complaint, plaintiff states that he did not discover that he needed to file a § 1983 civil suit until recently. He explains that he has been confined since the incident and did not know about the possibility of a lawsuit until he spoke with paralegals at the Southern State Correctional Facility where he is presently confined.

Plaintiff seeks compensatory and punitive damages in the amount of $1 million.

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must

"accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).  However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery

was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.   SECTION 1983 ACTIONS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the United States Constitution.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48

(1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## II.  ANALYSIS

Plaintiff's claim may be construed as an excessive force claim in violation of the Fourth Amendment.  Claims of excessive force during arrests, investigatory stops and other seizures are governed by the Fourth Amendment.  See Graham v. Conner, 490 U.S. 386 (1989).  "To state a claim for excessive force as an unreasonable seizure under the Fourth Amendment, a plaintiff must show that a 'seizure' occurred and that it was unreasonable." Abraham v. Raso, 183 F.3d 279, 288 (3d Cir. 1999).  See also Graham v. Connor, 490 U.S. at 396-97 (force used to effect an arrest must be reasonable, and reasonableness is measured by "careful attention to the facts and circumstances of each particular case . . .").

However, the Court finds that any Fourth Amendment excessive force claim now asserted by plaintiff is time-barred.  A court may dismiss a complaint for failure to state a claim, based on a time-bar, where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations."  Bethel v. Jendoco Construction Corp., 570 F.2d 1168, 1174 (3d Cir. 1978) (citation omitted).  Although the statute of limitations is an affirmative defense which may be waived by the defendant, it is appropriate to dismiss sua sponte

under 28 U.S.C. § 1915(e)(2) a pro se civil rights claim whose untimeliness is apparent from the face of the Complaint. See, e.g., Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995) (holding, under former § 1915(d) in forma pauperis provisions, that sua sponte dismissal prior to service of an untimely claim is appropriate since such a claim "is based on an indisputably meritless legal theory"); Hall v. Geary County Bd. of County Comm'rs, 2001 WL 694082 (10th Cir. June 12, 2001) (unpub.) (applying Pino to current § 1915(e)); Rounds v. Baker, 141 F.3d 1170 (8th Cir. 1998)(unpub.); Johnstone v. United States, 980 F.Supp. 148 (E.D. Pa. 1997) (applying Pino to current § 1915(e)). The requirements of 28 U.S.C. § 1915A (governing civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity) and 42 U.S.C. § 1997e (governing actions brought with respect to prison conditions) that federal courts review and dismiss any complaint that fails to state a claim parallels the provision in 28 U.S.C. § 1915(e).

   Civil rights claims, such as that presented here, are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions. See Wilson v. Garcia, 471 U.S. 261, 280 (1985). Accordingly, New Jersey's two-year limitations period on personal injury actions, N.J. Stat. Ann. § 2A:14-2, governs Shihadeh's claims. See Montgomery v. DeSimone, 159 F.3d 120, 126 & n.4 (3d

Cir. 1998); <u>Cito v. Bridgewater Township Police Dept.</u>, 892 F.2d 23, 25 (3d Cir. 1989).  Under N.J. Stat. Ann. § 2A:14-2, an action for an injury to the person caused by a wrongful act, neglect, or default must be commenced within two years of accrual of the cause of action.  <u>Cito</u>, 892 F.2d at 25; <u>accord</u> <u>Brown v. Foley</u>, 810 F.2d 55, 56 (3d Cir. 1987).  Unless their full application would defeat the goals of the federal statute at issue, courts should not unravel states' interrelated limitations provisions regarding tolling, revival, and questions of application.  <u>Wilson v. Garcia</u>, 471 U.S. at 269.

New Jersey statutes set forth certain bases for "statutory tolling."  <u>See</u>, <u>e.g.</u>, N.J.S.A. § 2A:14-21 (detailing tolling because of minority or insanity); N.J.S.A. § 2A 14-22 (detailing tolling because of nonresidency of persons liable).  New Jersey law permits "equitable tolling" where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has "in some extraordinary way" been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum.  <u>See</u> <u>Freeman v. State</u>, 347 N.J. Super. 11, 31 (citations omitted), <u>certif. denied</u>, 172 N.J. 178 (2002).  "However, absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and

8

only in the rare situation where it is demanded by sound legal principles as well as the interests of justice."  Id.

When state tolling rules contradict federal law or policy, in certain limited circumstances, federal courts can turn to federal tolling doctrine.  See Lake v. Arnold, 232 F.3d 360, 370 (3d Cir. 2000).  Under federal law, equitable tolling is appropriate in three general scenarios:

> (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum.

Id. n.9.

The excessive force claim asserted here accrued on March 26, 2003, the date of the arrest and injury.[1]  This Complaint is dated on or about March 13, 2007, and was received by the Clerk's Office on or about April 12, 2007, more than two years after the statute of limitations had expired on March 26, 2005.  Plaintiff alleges no facts or extraordinary circumstances that would permit statutory or equitable tolling under either New Jersey or federal

---

[1] A claim accrues as soon as the injured party "knew or had reason to know of the injury that constitutes the basis of this action."  Oshiver v. Levin Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 (3d Cir. 1994).  "Plaintiff's actual knowledge is irrelevant.  Rather, the question is whether the knowledge was known, or through reasonable diligence, knowable.  Moreover, the claim accrues upon knowledge of the actual injury, not that the injury constitutes a legal wrong."  Fassnacht v. United States, 1996 WL 41621 (E.D. Pa. Feb. 2, 1996) (citing Oshiver, 38 F.3d at 1386).

law.  Rather, plaintiff pleads only ignorance of the law and his incarceration, neither excuse being sufficient to relax the statute of limitations bar in this instance.  Therefore, the Court finds that the Fourth Amendment excessive force claim asserted in this Complaint is time-barred and the Complaint will be dismissed with prejudice accordingly.

## V. CONCLUSION

For the reasons expressed above, the Court will dismiss the Complaint with prejudice, in its entirety, as against all named defendants, because the claims asserted are now time-barred.  An appropriate Order follows.

**/s/ Dickinson R. Debevoise**
DICKINSON R. DEBEVOISE
United States District Judge

Dated: May 7, 2007